**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------
                                              :
ANN MARGARET DAYWALT, *individually and*  :
*on behalf of all others similarly situated,*     :
457 N Hanover Street                         :     Civil Action No.: _____
Pottstown, PA 19464                          :
                                              :
                          Plaintiffs,        :     **JURY TRIAL DEMANDED**
                                              :
              v.                              :
                                              :
AFFECTIONATE HOME HEALTH          :
CARE SERVICES LLC                        :
14 S Lansdowne Avenue                    :
Lansdowne, PA 19050                       :
                                              :
                          Defendants.        :
---------------------------------------------------------------

## COLLECTIVE AND CLASS ACTION COMPLAINT

Plaintiff Ann Margaret Daywalt ("Plaintiff") hereby brings this action against Defendant

Affectionate Home Health Care Services LLC ("Defendant"), and alleges, upon personal belief

as to her own acts, and upon information and belief as to the acts of others, as follows:

## NATURE OF THE ACTION

1.     Plaintiff bring this complaint contending that Defendant has unlawfully failed to

pay her and other similarly-situated individuals employed in the positions of Home Health Aid

("Class Plaintiffs"), overtime compensation pursuant to the requirements of the Fair Labor

Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Pennsylvania Minimum Wage Act

("PMWA"), 43 P.S. § 333.100, *et seq.*, and the Pennsylvania Wage Payment and Collection Law

("WPCL"), 43 P.S. § 260.1, *et seq.*

2.      Plaintiff and Class Plaintiffs are current/former employees of Defendant who were employed in the position of Home Health Aid.  During the course of their employment, Plaintiff and Class Plaintiffs regularly worked more than forty (40) hours per week, but were not properly compensated for their work in that Plaintiff and Class Plaintiffs were not paid an overtime premium at 1.5 times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek in violation of the FLSA and PMWA.

3.      Accordingly, Plaintiff contends that they are owed unpaid wages, and overtime compensation which were denied to them as a result of Defendant's unlawful pay practices.

4.      Plaintiff brings this action as a representative action under the FLSA, PMWA, and WPCL for monetary damages and penalties, to seek redress for Defendant's willful, unlawful, and improper conduct.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b), which provides, in relevant part, that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction." See 29 U.S.C. § 216(b).

6.      This Court also has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims because those claims arise out of the same nucleus of operative fact as Plaintiff's FLSA claims.

8.      Personal jurisdiction over Defendant exists in the Commonwealth of Pennsylvania as Defendant maintains an office location within the Commonwealth of Pennsylvania in Lansdowne, Pennsylvania, and conducts business throughout the Commonwealth of Pennsylvania.

2

9.      The venue in this district is proper pursuant to 28 U.S.C. § 1391(b), as the Defendant resides in this judicial district, doing business therein, and a substantial part of the unlawful practices about which Plaintiff is complaining were committed in the Commonwealth of Pennsylvania and in this judicial district.

## PARTIES

10.      Plaintiff Ann Margaret Daywalt currently resides at 457 N Hanover Street, Pottstown, PA 19464.

11.      Upon information and belief, Defendant Affectionate Home Health Care Services LLC, is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania, with a corporate address and principal place of business located at 14 S Lansdowne Avenue, Lansdowne, PA 19050.

12.      Defendant is a "private employer" and covered by the FLSA.

13.      Plaintiff and Class Plaintiffs are/were employees who have been employed by Defendant during all times relevant hereto and, as such, are employees entitled to the FLSA's protections.  See 29 U.S.C. § 203(e).

14.      At all times relevant hereto, Defendant acted or failed to act through its agents, servants, and/or employees thereto existing, each of whom acted at all times relevant hereto in the course and scope of their employment with and for Defendant.

## FLSA COLLECTIVE ACTION ALLEGATIONS

15.      Paragraphs 1 through 14 are hereby incorporated by reference as though the same were fully set forth at length herein.

16.     This action is brought as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, and damages owed to Plaintiff and all similarly-situated current and former employees of Defendant.

17.     Pursuant to 29 U.S.C. § 216(b) of the FLSA, Plaintiff brings this action individually and on behalf of all other similarly situated persons presently or formerly employed by Defendant in the position of Home Health Aid, or in positions with substantially similar job duties, who worked for Defendant at any point in three (3) years preceeding the date the instant action was initiated, who were paid on an hourly basis and denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek ("Class Plaintiffs").

18.     Upon information and belief, Plaintiff estimates that there are approximately three hundred (300) other similarly situated Home Health Aides who either are working or worked for Defendant in the Commonwealth of Pennsylvania and were unlawfully denied overtime compensation at 1.5 times their "regular rate" of pay for hours work in excess of forty (40) in a workweek as a result of the unlawful practices described above.  The precise number of employees can easily be ascertained by Defendant.  These employees can be identified and located using Defendant's payroll and/or personnel records.  Class Plaintiffs may be informed of the pendency of this Collective Action by direct mail, electronic mail, and/or publication.

19.     Pursuant to 29 U.S.C. § 216(b), this action is properly maintained as a collective action because the Class Plaintiffs are similarly-situated.  Plaintiff and Class Plaintiffs were similarly denied overtime compensation at 1.5 times their regular rate of pay as a result of Defendant's failure to accurately track the hours they worked for Defendant when calculating their eligibility for overtime compensation, had the same or similar job classifications and job

duties, and were subject to the same uniform policies, business practices, payroll practices, and operating procedures. Further, Defendant's willful policies and practices, which are discussed more fully in this Collective and Class Action Complaint, whereby Defendant has failed to pay Class Plaintiffs an overtime premium based on 1.5 times their "regular rate" for all hours worked over forty (40) hours in a workweek, have impacted Class Plaintiffs in the same fashion.

20.     Plaintiff will request the Court to authorize notice to all current and former similarly-situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

21.     Paragraphs 1 through 20 are hereby incorporated by reference as though the same were fully set forth at length herein.

22.     Plaintiff brings this action individually, and on behalf of the following state-wide class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons presently or formerly employed by Defendants during the past three (3) years in the position of Home Health Aid or in positions with substantially similar job duties who were paid on an hourly basis and were denied overtime compensation for work performed in excess of forty (40) hours in a workweek.

23.     The members of the class are so numerous that joinder of all members is impractical. Class members may be informed of the pendency of this Class Action by direct mail, electronic mail, and/or publication.

24.     Pursuant to the Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, including, but not limited to:

A.      Whether Plaintiff and the Class are entitled to overtime compensation for services rendered in excess of forty (40) hours per week under the FLSA/PMWA;

B.      Whether Defendant failed to accurate track and maintain records of the hours worked by Plaintiff and the Class;

C.      Whether Plaintiff and the Class worked in excess of forty (40) hours per week;

D.      Whether Defendant failed to pay Plaintiff and the Class wages and overtime compensation in the period when said wages became due and owing in violation of the WPCL;

E.      Whether Plaintiff and the Class have suffered and are entitled to damages, and if so, in what amount; and

F.      Whether Plaintiff and the Class are entitled to liquidated damages under the WPCL.

25.     Plaintiff's claims are typical of the claims of the Class members.  Plaintiff is a former employee of Defendant who was employed in the position of Home Health Aid who has suffered similar injuries as those suffered by the Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the FLSA, PMWA and WPCL has affected Plaintiff and the Class in the exact same way.

26.     Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff is similarly situated to the Class and has no conflict with the Class members.

27.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

28.    Pursuant to Rules 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

A.    The prosecution of separate actions by or against individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant;

B.    Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the FLSA, PMWA, and WPCL, has acted or refused to act on grounds generally applicable to the Class, thereby making equitable relief appropriate with respect to the Class as a whole; and

C.    The common questions of law and fact set forth above applicable to the Class predominate over any question affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of this case, especially with respect to considerations of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

29.    A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical.  Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually.  Additionally, as the damages suffered by each Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Class members to bring individual claims. The presentation of separate actions by individual Class members would create a risk of inconsistent and varying adjudications, establishing incompatible standards of conduct for

Defendant, and/or substantially impair or impede the ability of each member of the Class to protect his or her interests.

## FACTUAL BACKGROUND

30.    Paragraphs 1 through 29 are hereby incorporated by reference as though the same were fully set forth at length herein.

31.    Plaintiff first began her employment with Defendant on or about June 2, 2018, in the position of Home Health Aid.

### Facts Pertaining to Plaintiff's Collection/Class Claims

32.    Paragraphs 1 through 31 are hereby incorporated by reference as though the same were fully set forth at length herein.

33.    In Plaintiff's and, upon information and belief, Class Plaintiffs' capacities as Home Health Aides, Plaintiff and Class Plaintiffs provide home health services for patients.

34.    Plaintiff's and Class Plaintiffs' primary job responsibilities in their capacities as Home Health Aides include bathing, clothing, and/or feeding patients, providing patients with salutary needs and/or exercise, meeting and interacting with patient's family members, and/or insurance agencies through face-to-face encounters as well as through email, phone conversations, and text messaging, filling out paperwork, and writing progress notes.

35.    Plaintiff and Class Plaintiffs provide the aforementioned services on a schedule determined by Defendant, who instructs Plaintiff and Class Plaintiffs where and when to report to work.

36.    For example, when performing the role of Home Health Aid, Plaintiff and Class Plaintiffs are required by Defendant to report to their assigned patient on a routine schedule to provide the aforementioned services of a Home Health Aid.

37.     Plaintiff and Class Plaintiffs are only able to leave once all Home Health Aid services are completed and any needed care has been given each day.

38.     Defendant maintains similar control over the manner by which Plaintiff and Class Plaintiffs perform their duties as Home Health Aides, in that Defendant is responsible for assigning patients to Plaintiff and Class Plaintiffs and determining the scheduling of when Plaintiff and Class Plaintiffs are to provide the aforementioned services.

39.     Plaintiff and Class Plaintiffs are required to perform the aforementioned work in accordance with certain specific guidelines, protocols, and trainings provided by Defendant.

40.     Plaintiff, and upon information and belief, Class Plaintiffs also receive annual performance evaluations from Defendant, along with performance feedback, coaching, and discipline for failing to perform in accordance with Defendant's expectations.

41.     Defendant's Home Health Aides are compensated on an hourly basis.

42.     During a typical workweek, Plaintiff – and, upon information and belief, Class Plaintiffs – perform, on average, approximately eighty-four (84) to one hundred and fourteen (114) hours of compensable work.

43.     However, despite regularly working well over forty (40) hours per week, Plaintiff, and upon information and belief, Class Plaintiffs did not receive overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

44.     For example, during the pay period of November 11, 2018 until November 17, 2018, Plaintiff worked eighty-four (84) hours performing Home Health Aid services for Defendant, but received only straight time for her hours worked.

45.     As a result of the aforesaid practices, Plaintiff and Class Plaintiffs have been denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek.

46.     Moreover, on more than one (1) occasion, Plaintiff, and upon information and belief, Class Plaintiffs performed their aforementioned job responsibilities for which they received no compensation, let alone overtime.

47.     Plaintiff and Class Plaintiffs are/were paid on an hourly basis, and, as such, do not qualify for the executive, administrative, or professional exemptions under the FLSA/PMWA.

48.     Plaintiff and Class Plaintiffs also do not have the authority to hire, fire, or discipline other employees of Defendant, nor do they make recommendations with respect to employee status changes to which Defendant gives substantial weight.

49.     As a result, Plaintiff and Class Plaintiffs do not satisfy the duties requirements for the exemption for executive employees under the FLSA/PMWA.

50.     Plaintiff and Class Plaintiffs do not perform work directly related to Defendant's management or general business operations, nor do they exercise discretion or independent judgment regarding matters of significance to Defendant.

51.     Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for administrative employees under the FLSA/PMWA.

52.     Plaintiff's and Class Plaintiffs' primary duty does not include the performance of work predominately intellectual in nature requiring advanced knowledge in a field of science or learning acquiring through a prolonged course of intellectual instruction.  In this regard, Plaintiff's and Class Plaintiffs' job duties does not require the consistent exercise of discretion and judgment, as distinguished from the performance of routine mental, manual, and mechanical

work.  Rather, Plaintiff and Class Plaintiffs are required to perform their job responsibilities in accordance with specific guidelines, protocols, procedures, and trainings provided by Defendant.

53.    Accordingly, Plaintiff and Class Plaintiffs do not meet the duties requirements for the exemption for learned professionals under the FLSA/PMWA.

54.    Finally, there are no other exemptions under the FLSA and/or PMWA which could arguably be applicable to Plaintiff or Class Plaintiffs.

55.    Plaintiff and Class Plaintiffs are/were, within the meaning of the FLSA and PMWA, non-exempt employees of Defendant and therefore entitled to overtime compensation at 1.5 times their regular rate of pay for all hours they worked over forty (40) in a workweek.

56.    As a result of Defendant's aforesaid illegal actions, Plaintiff and Class Plaintiffs have suffered damages.

**COUNT I**
**FAIR LABOR STANDARDS ACT**
**29 U.S.C. § 201, *et seq.***
**FAILURE TO PAY OVERTIME COMPENSATION**

57.    Paragraphs 1 through 61 are hereby incorporated by reference as though the same were fully set forth at length herein.

58.    Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

59.    Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular of pay, for all hours worked in excess of forty (40) hours per week.

60.    Defendant failed to accurate track and maintain records of all hours worked by Plaintiff and Class Plaintiffs.

61.     As a result, Defendant failed to pay Plaintiff and Class Plaintiffs overtime compensation for all hours worked over forty (40) in a workweek at 1.5 times their regular rate of pay.

62.     The foregoing actions of Defendant and the policies and practices of Defendant violate the FLSA.

63.     Defendant's actions were willful, not in good faith, and in reckless disregard of clearly applicable provisions.

64.     Defendant is liable to Plaintiff and Class Plaintiffs for actual damages, liquidated damages, and other equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, and expenses.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class Plaintiffs, pray for judgment against Defendants as follows:

A.     An Order from this Court permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An Order from the Court ordering Defendant to file with this Court and furnish to the undersigned counsel a list of all names and addresses of all persons presently or formerly employed by Defendant at any point during the past three (3) years in the position of Home Health Aid who were paid on an hourly basis and denied overtime compensation at 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek, and authorizing Plaintiff's counsel to issue a notice at the earlies possible time to these individuals, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they worked for Defendant during the liability period, but were not paid overtime compensation at 1.5 times their regular rate of pay as required by the FLSA;

C.    Adjudicating and declaring that Defendant's conduct as set forth herein and above is in violation of the FLSA;

D.    Adjudicating and declaring that Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff and Class Plaintiffs for work performed in excess of forty (40) hours per week;

E.    Awarding Plaintiff and Class Plaintiffs back pay wages and/or overtime wages in an amount consistent with the FLSA;

F.    Awarding Plaintiff and Class Plaintiffs liquidated damages in accordance with the FLSA;

G.    Awarding Plaintiff reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

H.    Awarding pre-and post-judgment interest and court costs as further allowed by law;

I.    Granting Plaintiff and Class Plaintiffs leave to add additional Plaintiffs by motion, the filing of written opt-in consent forms, or any other method approved by the Court; and

J.    For all additional general and equitable relief to which Plaintiff and Class Plaintiffs may be entitled.

**COUNT II**
**PENNSYLVANIA MINIMUM WAGE ACT OF 1968**
**43 P.S. § 333,** *et seq.*
**FAILURE TO PAY OVERTIME COMPENSATION**

65.    Paragraphs 1 through 69 are hereby incorporated by reference as though the same were fully set forth at length herein.

66.    The Pennsylvania Minimum Wage Act provides that employers must pay certain "minimum wages," including overtime wages, to its employees.  See 43 P.S. § 333.113.

13

67.     The Pennsylvania Minimum Wage Act further provides that "employees shall be paid for overtime not less than one- and one-half times the employee's regular rate" for hours worked in excess of forty (40) hours in a workweek.  See 43 P.S. § 333.113.

68.     By its actions alleged above, Defendant has violated the provisions of the Pennsylvania Minimum Wage Act of 1968 by failing to properly pay overtime compensation and for failing to properly pay Plaintiff and Class Plaintiffs for all hours work.

69.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, together with interest, costs and attorney's fees pursuant to Pennsylvania Minimum Wage Act of 1968, 43 P.S. § 333.113.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Class Plaintiffs, pray for judgment against Defendants as follows:

A.     An Order certifying this case as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid overtime compensation to which they are/were entitled, including interest thereon, and penalties subject to proof;

C.     An award to Plaintiff and Class Plaintiffs of reasonable attorneys' fees and costs pursuant to the Pennsylvania Minimum Wage Act; and

D.     An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, and all such other relief as this Court may deem proper.

**COUNT III**
**PENNSYLVANIA WAGE PAYMENT AND COLLECTION LAW**
**43 P.S. § 260.1, *et seq*.**
**FAILURE TO PAY WAGES**

14

75.     Paragraphs 1 through 74 are hereby incorporated by reference as though the same were fully set forth at length herein.

76.     Under the WPCL, "[a]ll wages . . . earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment."  See 43 P.S. § 260.3(a).

77.     No provision of the WPCL, including an employee's right to payment of all wages "earned in any pay period" may be "contravened or set aside by a private agreement." See 43 P.S. § 260.7.

78.     By its actions alleged above, Defendant has violated the provisions of the WPCL by failing to pay certain wages and benefits earner, due and owing to Plaintiff and Class Plaintiffs pursuant to Defendant's policies, practices and agreements with Plaintiff and Class Plaintiffs.

79.     Plaintiff and Class Plaintiffs are entitled to compensation for hours of work which they performed for Defendant and for which they were not properly compensated.

80.     As a result of Defendant's unlawful acts, Plaintiff and Class Plaintiffs have been deprived of compensation in amounts to be determined at trial, an are entitled to recovery of such amounts, and liquidated damages, together with costs and attorney's fees pursuant to the WPCL.

**WHEREFORE,** Plaintiff, on behalf of herself and the Class Plaintiffs, pray for judgment against Defendants as follows:

A.     An Order from this Court permitting this litigation to proceed as a class action and designating Plaintiff as the representative of the Class and her counsel as class counsel;

B.     An award to Plaintiff and Class Plaintiffs for the amount of unpaid compensation to which they are entitled, including interest thereon, and penalties subject to proof;

C.      An award to Plaintiff and the Class Plaintiffs of liquidated damages in an amount equal to twenty-five (25%) of the total amount of wages and benefits due pursuant to the WPCL;

D.      An award to and Plaintiff Class Plaintiffs of reasonable attorneys' fees and costs pursuant to the WPCL; and

E.      An award to Plaintiff and Class Plaintiffs for any other damages available to them under applicable Pennsylvania law, including general and special damages according to proof, and all other such relief as this Court may deem proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

Respectfully submitted,

**MURPHY LAW GROUP, LLC**

By: *_/s/ Preeya Bansal_____*
    Preeya Bansal, Esq.
    Eight Penn Center, Suite 2000
    1628 John F. Kennedy Blvd.
    Philadelphia, PA 19103
    TEL: 267-273-1054
    FAX: 215-525-0210
    pbansal@phillyemploymentlawyer.com
    *Attorney for Plaintiff*

Dated: June 28, 2021

## **DEMAND TO PRESERVE EVIDENCE**

The Defendant is hereby demanded to preserve all physical and electronic information pertaining in any way to Plaintiff's and the Class/Collective Plaintiffs' employment, to their potential claims and their claims to damages, to any defenses to same, including, but not limited to, electronic data storage, employment files, files, memos, job descriptions, text messages, e-mails, spread sheets, images, cache memory, payroll records, paystubs, time records, time sheets and any other information and/or data which may be relevant to any claim or defense in this litigation.